UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHELLE GARCIA and | § | |
| RACHEL LOUVIERE | § | |
|     Plaintiffs, | § | |
| | § | Civil Action No. _____ |
| vs. | § | |
| | § | |
| MORGAN ROOFING, LLC and | § | |
| DAVID F. MORGAN | § | |
|     Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, Michelle Garcia and Rachel Louviere (hereinafter collectively referred to as "Plaintiffs"), and complain of Defendants, Morgan Roofing, LLC and David F. Morgan (hereinafter collectively referred to as "Defendants"), and for causes of action would show the Court as follows:

### I.
### Introduction

1.      This is an action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  This is also an action to recover damages due to Defendants' breach of contractual obligations.

2.      This action seeks equitable relief, actual damages, compensatory and liquidated damages, attorney's fees, taxable costs of court, and pre-judgement and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) to Plaintiffs in the course of their employment with the Defendants and Defendants' breach of contractual obligations.

3.      Plaintiffs demand a jury trial on all issues that may be tried to a jury.

4.      This action is authorized and instituted pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq*. and state common law.

## II.
## Jurisdiction and Venue

5.      Plaintiffs bring this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and to recover damages due to Defendants' breach of contractual obligations.

6.      This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7.      Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b) and (c)(2) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.
## Parties

8.      Plaintiff Michelle Garcia (hereinafter referred to as "Ms. Garcia"), is a resident of Galveston County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing her duties for Defendants.

9.      Plaintiff Rachel Louviere (hereinafter referred to as "Ms. Louviere"), is a resident of Galveston County, Texas, who engaged in interstate commerce or in the production of goods for interstate commerce in performing her duties for Defendants.

10.      Defendant, Morgan Roofing, LLC, is a validly existing Texas limited liability company and may be served with summons and complaint by serving its registered agent, Katherine O. Maxwell, 2200 Market Street, Suite 703, Galveston, Texas 77550 or at any other address where it may be found.  Defendant Morgan Roofing, LLC is an entity engaged in interstate commerce or in the production of goods for interstate commerce as an employer.

11.     Defendant, David Morgan is an individual who may be served with summons and complaint at his place of business at 1311 42nd Street, Galveston, Texas 77550, or at any other address where he may be found.  Defendant David Morgan is an individual engaged in interstate commerce or in the production of goods for interstate commerce as an employer.  He has acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

12.     Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## Facts

13.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

14.     At all times relevant to this action, Defendants have been subject to the requirements of the FLSA.

15.     For purposes of this action related to violations of the FLSA the "relevant period" is defined as such period commencing on the date that is three (3) years prior to the filing of this action, and continuing thereafter.

16.     For purposes of this action related to Defendants' breach of contractual obligations to Ms. Garcia, the "relevant period" is defined as a period of time commencing on September 3, 2017 to the present.

17.     For purposes of this action related to Defendants' breach of contractual obligations

to Ms. Louviere, the "relevant period" is defined as a period of time commencing on August 17, 2018 to the present.

18.     At all material times, the Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d)

19.     At all material times, the Defendants have been an "enterprise" within the meaning of the FLSA.  29 U.S.C. § 203(r).

20.     At all material times, the Defendants have been an "enterprise engaged in interstate commerce or in the production of goods for interstate commerce" within the meaning of the FLSA because they had employees engaged in interstate commerce and they engaged in activities that constitute being engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

21.     At all material times, Plaintiffs were employees who were engaged in interstate commerce or in the production of goods for interstate commerce as required by 29 U.S.C. §§ 206-207.

22.     Defendant Morgan Roofing, LLC is a roofing and home remodeling company, located at 1311 42nd Street, Galveston, Texas 77550.

23.     Defendant David F. Morgan is the owner and director of Morgan Roofing, LLC.

24.     Defendants are involved in setting company policies of the business.

25.     Defendants hired, disciplined and set the schedule of the Plaintiffs.

26.     Defendants have the authority to set pay rates of the employees of Morgan Roofing, LLC.

27.     Defendants have the authority to direct and supervise the work of employees of Morgan Roofing, LLC.

28.     Defendants have the authority to make decisions regarding employee

compensation.

29.     Defendants have the authority to sign on such business' checking accounts, including payroll accounts.

30.     Defendants set the hours of the Plaintiffs.

*__Michelle Garcia__*

31.     Defendants employed Ms. Garcia as an Office Assistant from on or about September 3, 2017 until March 29, 2019.

32.     Ms. Garcia averaged over forty (40) hours per week during her employment with the Defendants.  In fact, Ms. Garcia routinely worked fifty (50) hours or more each week.

33.     Ms. Garcia mainly performed receptionist or other administrative duties during her employment.

34.     Ms. Garcia answered phones, prepared invoices and contracts, and performed other administrative tasks directed by David F. Morgan.

35.     As an employee, Ms. Garcia has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it, but Defendants paid Ms. Garcia at her regular hourly rate for all hours worked over forty (40) in a workweek.

36.     In September 2018, the Wage and Hour Division of the U.S. Department of Labor (hereinafter referred to as the "D.O.L.") began investigating Morgan Roofing, LLC for alleged violations of the FLSA.

37.     Ms. Garcia cooperated with the D.O.L.'s investigation.

38.     Once Defendants became aware that Ms. Garcia cooperated with the D.O.L.'s investigation, Defendants reduced Ms. Garcia's schedule to only twenty (20) to thirty (30) hours

per week.

39.     Defendants subsequently terminated Ms. Garcia on March 29, 2019 for cooperating with the D.O.L.'s investigation.

40.     Consequently, Defendants retaliated against Ms. Garcia by reducing her schedule and ultimately terminating her employment, in violation of the FLSA.

41.     Defendants did not provide proper overtime compensation for the hours Ms. Garcia worked over forty (40) in a workweek.

42.     Specifically, Defendants did not pay Ms. Garcia time and a half of her regular rate of pay for hours worked over forty (40) in a workweek.

43.     Further, Defendants have failed to provide goods which Ms. Garcia purchased from Defendants for the amount of $5,500.00 on December 17, 2018.

44.     In addition, Defendants have not compensated Ms. Garcia the agreed upon rate of pay of $25.00 per hour for her employment from September 3, 2017 to October 1, 2018.

45.     Defendants did not comply with the provisions of verbal contract they entered into with Ms. Garcia regarding how much her pay would be, starting on September 3, 2017 until the rate was modified on October 1, 2018.  Over the course of Ms. Garcia's employment, Defendants paid Ms. Garcia less than the full amount of money owed and promised in the verbal contract.

46.     In addition, Defendants have not compensated Ms. Garcia for the agreed upon rate of $1,800.00 weekly for her employment from October 1, 2018 to March 29, 2019, as stated in her employment contract.

47.     Defendants did not comply with the provisions of the written contract they entered into with Ms. Garcia regarding how much her pay would be, starting on October 1, 2018 until she was terminated on March 29, 2019.  Over the course of Ms. Garcia's employment, Defendants

paid Ms. Garcia less than the full amount of money owed and promised in the written contract.

48.     Further, Ms. Garcia was terminated by Defendants prior to the end of the three (3) year contract term, which entitles her to a Lump-Sum Severance Payment under the terms of her written employment agreement.   Pursuant to Ms. Garcia's employment agreement with Defendants, Ms. Garcia is entitled to two (2) times the sum of her annual base salary as a result. Ms. Garcia's annual salary was established as $93,600.00 in her employment agreement.   Thus, Ms. Garcia is entitled to $187,200.00 because of this claim.

### *Rachel Louviere*

49.     Defendants employed Ms. Louviere as a Managing Director from on or about August 17, 2018 until April 17, 2019.

50.     Ms. Louviere averaged over forty (40) hours per week during her employment with the Defendants.   In fact, Ms. Louviere routinely worked seventy (70) hours or more each week, and occasionally upwards of eight-five (85) hours per week.

51.     Ms. Louviere mainly performed mainly administrative duties during her employment and had no managerial authority.   All actions were directed by Defendants.

52.     Ms. Louviere prepared policies, audited company records, and performed bookkeeping and administrative duties.

53.     As an employee, Ms. Louviere has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt employees because the job required it, but Defendants paid Ms. Louviere a set weekly salary regardless of the number of hours worked.

54.     In September 2018, the D.O.L. began investigating Morgan Roofing, LLC for alleged violations of the FLSA.

55. Ms. Louviere cooperated with the D.O.L.'s investigation.

56. Once Defendants became aware that Ms. Louviere cooperated with the D.O.L.'s investigation, Defendants terminated Ms. Louviere on April 17, 2019.

57. Consequently, Defendants retaliated against Ms. Louviere by terminating her employment, in violation of the FLSA.

58. Defendants did not provide proper overtime compensation for the hours Ms. Louviere worked over forty (40) in a workweek.

59. Specifically, Defendants did not pay Ms. Louviere time and a half of her regular rate of pay for hours worked over forty (40) in a workweek.

60. Further, Defendants have failed to provide goods which Ms. Louviere purchased from Defendants for the amount of $65,000.00 on December 17, 2018.

61. In addition, Defendants have not compensated Ms. Louviere the agreed upon rate of pay of $25.00 per hour for her employment from August 17, 2018 to December 15, 2018.

62. Defendants did not comply with the provisions of verbal contract they entered into with Ms. Louviere regarding how much her pay would be, starting on August 17, 2018 until the rate was modified on December 15, 2018. Over the course of Ms. Louviere's employment, Defendants paid Ms. Louviere less than the full amount of money owed and promised in the verbal contract.

63. In addition, Defendants have not compensated Ms. Louviere for the agreed upon rate of pay of $2,300.00 weekly for her employment from December 15, 2018 to April 17, 2019, as stated in her employment contract.

64. Defendants did not comply with the provisions of the written contract they entered into with Ms. Louviere regarding how much her pay would be, starting on December 15, 2018

until she was terminated on April 17, 2019.  Over the course of Ms. Louviere's employment, Defendants paid Ms. Louveire less than the full amount of money owed and promised in the written contract.

65.     Further, Ms. Louviere was terminated by Defendants prior to the end of the three (3) year contract term, which entitles her to a Lump-Sum Severance Payment under the terms her employment agreement.  Pursuant to Ms. Louviere's employment agreement with Defendants, Ms. Louviere is entitled to two (2) times the sum of her annual base salary as a result.  Ms. Louviere's annual salary was established as $119,600.00 in her employment agreement.  Thus, Ms. Louviere is entitled to $239,200.00 because of this claim.

## V.
## Claims for Relief

66.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**A.     Unpaid overtime compensation and Retaliation under the FLSA.**

67.     Plaintiffs are considered non-exempt employees.

68.     Plaintiffs are entitled to receive overtime pay for all hours they have worked in excess of forty (40) hours during each seven-day workweek.

69.     During their employment with the Defendants, Plaintiffs routinely worked more than forty (40) hours per week.

70.     Defendants did not pay Plaintiffs their entitled pay (including overtime pay) for those hours they worked in excess of forty (40) hours per week.

71.     Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs "overtime" pay for all hours worked in excess of forty (40) hours per week.

72.     Defendants have not made a good faith effort to comply with the FLSA, and have thus violated the requirements of the federal statute.

73.     Defendants have failed to maintain a complete, accurate and contemporaneous record of the number of hours Plaintiffs worked during each workweek of their employment with the Defendants.

74.     Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

75.     No exemption excused the Defendants from paying Plaintiffs overtime pay for hours worked over forty (40) hours per week.

76.     Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern and practice regarding overtime compensation due to Plaintiffs.

77.     Defendants retaliated against Plaintiffs for cooperating with the D.O.L. investigation into Morgan Roofing, LLC for alleged violations of the FLSA and took adverse employment actions against Plaintiffs as a result of Plaintiffs' cooperation.  29 U.S.C. § 215.

78.     Plaintiffs seek an amount of back-pay equal to the unpaid overtime compensation owed to Plaintiffs.

79.     Plaintiffs also seek an additional equal amount as liquidated damages, front pay, and reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with pre-judgment and post-judgment interest at the highest rate allowed by law.

**B.     Breach of Contract.**

80.     Defendants agreed to pay Ms. Garcia $25.00 per hour beginning September 7, 2017.

81.     Ms. Garcia worked at least forty (40) hours per week from September 7, 2017 until October 1, 2018.

82.     Defendants did not compensate Ms. Garcia for the agreed upon amount from September 7, 2017 until October 1, 2018.

83.     Defendants agreed to pay Ms. Garcia $1,800.00 per week ($45.00 per hour) beginning October 1, 2018.

84.     Ms. Garcia worked at least thirty (30) hours per week from October 1, 2018 until March 29, 2019.

85.     Defendants did not compensate Ms. Garcia for the agreed upon amount from October 1, 2018 until March 29, 2019.

86.     Defendants agreed to compensate Ms. Garcia a Lump-Sum Severance Payment of $187,200.00 under the terms her employment agreement, for premature termination.

87.     Defendants did not compensate Ms. Garcia the agreed upon amount for terminating her employment prior to the end of the contract term.

88.     Defendants did not deliver goods purchased by Ms. Garcia for $5,500.00 on December 17, 2018, nor reimbuse Ms. Garcia for this amount upon Defendants' failure to deliver such goods.

89.     Defendants agreed to pay Ms. Louviere $25.00 per hour beginning August 17, 2018.

90.     Ms. Louviere worked at least forty (40) hours per week from August 17, 2018 until December 15, 2018.

91.     Defendants did not compensate Ms. Louviere for the agreed upon amount from August 17, 2018 until December 15, 2018.

92.     Defendants agreed to pay Ms. Louviere $2,300.00 per week ($57.50 per hour) beginning December 15, 2018.

93.     Ms. Louviere worked at least forty (40) hours per week from December 15, 2018 until April 17, 2019.

94.     Defendants did not compensate Ms. Louviere for the agreed upon amount from December 15, 2018 until April 17, 2019.

95.     Defendants agreed to compensate Ms. Louviere a Lump-Sum Severance Payment of $239,200.00 under the terms her employment agreement, for premature termination.

96.     Defendants did not compensate Ms. Louviere the agreed upon amount for terminating her employment prior to the end of the contract term.

97.     Defendants did not deliver goods purchased by Ms. Louviere for $65,000.00 on December 17, 2018, nor reimbuse Ms. Louviere for this amount upon Defendants' failure to deliver such goods.

98.     Defendants did not comply with the provisions of the verbal and written contracts they entered into with Plaintiffs regarding how much their pay would be and how much they would be compensated for premature termination.  Over the course of Plaintiffs' employment, Defendants paid Plaintiffs less than the full amount of money owed and promised in the contracts.

99.     Defendants breached their verbal and written agreements with Plaintiffs and Plaintiffs have suffered damages as a result.

## VI.
## Attorney Fees

100.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

101.     Plaintiffs are entitled to recover attorney's fees and costs for prosecuting this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

102.     Plaintiffs also request an award of reasonable and necessary attorneys' fees and

costs, which are authorized under § 38.001, *et al.* of the Texas Civil Practice & Remedies Code.

## VII.
## Jury Demand

103.    Plaintiffs make a formal demand for a jury trial in this matter.

## VIII.
## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Michelle Garcia and Rachel

Louviere respectfully request that upon final hearing, the Court grant them relief as follows:

a.    Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206, 207 and/or 215, by failing to pay Plaintiffs overtime pay at one and one-half times their regular hourly rates for all hours in excess of forty (40) hours worked during each seven-day work period and engaging in retaliatory conduct.

b.    Enjoin Defendants from failing to pay overtime pay at one and one-half times his regular hourly rates for all hours in excess of forty (40) hours worked in each seven-day work period and engaging in retaliatory conduct.

c.    Order Defendants to pay Plaintiffs the difference between (i) what Defendants should have paid Plaintiffs for all hours worked, including overtime hours worked during the relevant periods, and (ii) what Plaintiffs were actually paid for those hours worked.

d.    Order Defendants to pay an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

e.    Order Defendants to pay Plaintiffs' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and § 38.001, *et al.* of the Texas Civil Practice & Remedies Code.

f.    Order Defendants to pay lost wages and front pay pursuant to 29 U.S.C. § 216(b).

g.    Order Defendants to pay Plaintiffs' damages as a result of Defendants breaching their contractual obligations.

h.    Order Defendants to pay pre-judgment and post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

i.    Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiffs.

13

Respectfully submitted,

**GARCIA-MARTIN & MARTIN, P.C.**


By: ____/s/ Lionel Martin_____
     Lionel Martin
     Federal Bar No. 31342
     Texas State Bar No. 24037032
     Lmartin@mgmartinlaw.com

     12946 S. Dairy Ashford Road
     Suite 220
     Sugar Land, Texas 77478
     Tel: (281) 277-3066
     Fax: (281) 277-3067

     ***Attorneys for Plaintiffs***
     ***Michael Garcia and Rachel Louviere***

**OF COUNSEL:**

**GARCIA-MARTIN & MARTIN, P.C.**

Melissa Garcia-Martin
Federal Bar No. 38613
Texas State Bar No. 24039035
mmartin@mgmartinlaw.com

12946 S. Dairy Ashford Road
Suite 220
Sugar Land, Texas 77478
Tel:  (281) 277-3066
Fax: (281) 277-3067